ORIGINAL

Eric L. Dobberteen, SBN 81815
Leslie R. Horowitz, SBN 97630
Stephen E. Hyam, SBN 198065
CLARK & TREVITHICK
800 Wilshire Blvd., Twelfth Floor
Los Angeles, California 90017
Telephone: (213) 629-5700
Facsimile: (213) 624-9441
E-Mail:   edobberteen@clarktrev.com
          lhorowitz@clarktrev.com
          shyam@clarktrev.com


FILED
JUL - 1 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

Attorneys for CERTAIN CREDITORS[1]

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>UNIFIED WORLDWIDE TRANSPORT,<br><br>Debtor. | Case No. 1:07-BK-12273 KT<br><br>Chapter 7<br><br>Adv. No. |
| CERTAIN CREDITORS, AS AUTHORIZED REPRESENTATIVES OF THE BANKRUPTCY ESTATE,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL BAUMSTEIN AND ALICIA SULLIVAN,<br><br>Defendants. | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS** |

Plaintiffs are SMS Communications, LLC; Michael Baghdoian; William A. Meardon; Brian T. Kelso; David Eichelberger; Hoyer Enterprises, Inc.; DLP Management, LLC; Harvest

---

[1] SMS Communications, LLC; Michael Baghdoian; William A. Meardon; Brian T. Kelso; David Eichelberger; Hoyer Enterprises, Inc.; DLP Management, LLC; Harvest Preserve Foundation, Inc.; Oakcrest Properties, L.L.C.; CAM Financing #1, L.L.C.; WAM Financing, #2; Greg Shottenkirk; Toni Shottenkirk; HEG, L.L.C.; Daryl K. Granner; Platinum Exploration, INC.; Anita J. Lake, Trustee Of The Anita J. Lake Revocable Trust.

Preserve Foundation, Inc.; Oakcrest Properties, L.L.C.; Cam Financing #1, L.L.C.; Wam Financing, #2; Greg Shottenkirk; Toni Shottenkirk; HEG, L.L.C.; Daryl K. Granner; Platinum Exploration, Inc.; and Anita J. Lake, Trustee Of The Anita J. Lake Revocable Trust ("Certain Creditors" or "Plaintiffs"), by and through its undersigned counsel, for its Complaint for Avoidance and Recovery of Fraudulent and Preferential Transfers (the "Complaint") against Ruth D. Yedlin Trust (the "Defendant") alleges as follows:

## THE PARTIES

1. Pursuant to the Order Authorizing Certain Creditors to File Adversary Proceedings on Behalf of the Estate entered on June 26, 2009, the Plaintiffs by and through their counsel of record are authorized to pursue avoidance actions on behalf of the Estate.

2. Plaintiffs are informed and believe and thereon and allege that defendants Michael Baumstein and Alicia Sullivan ("Defendants") are individuals residing in San Francisco, San Francisco County, California.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. §157(a) and §1334(a) and this is a core proceeding pursuant to 28 U.S.C. §157.

4. Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

5. The statutory predicates for the relief requested herein are §§548 and 550 of the Bankruptcy Code and Rules 7001(1) and (9) of the Federal Rules of Bankruptcy Procedure and §§3439, et seq. of the California Civil Code.

## GENERAL ALLEGATIONS

6. On July 2, 2007, debtor United Worldwide Transport ("UWT" or "Debtor") filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Bankruptcy Code, Case No. 1:07-bk-12273KT ("UWT Bankruptcy").

7. On January 17, 2008, an order was entered converting the UWT Bankruptcy from a Chapter 11 case to a Chapter 7 case.

8. On February 21, 2008, Amy Goldman became the duly appointed Chapter 7

1  Trustee in the UWT bankruptcy.

2      9.    Prior to this period of time, Plaintiffs are informed and believe and thereon allege that Defendants had been an investor in business entities entitled NIFTI LLC, NIFTI Communications Systems, JetStream Telecommunications LLC and/or Uniworld Telecommunications, LLC (collectively "Prior Entities").

    10.    Plaintiffs are informed and believe and thereon allege that Defendants were not investors in Debtor.

    11.    Plaintiffs are informed and believe and thereon allege that on or about July 26, 2003, Defendants, Debtor, and other parties entered into an agreement whereby Debtor agreed to transfer funds from Debtor to Defendants to satisfy obligations due to Defendants from the Prior Entities.

    12.    Plaintiffs are informed and believe and thereon allege that Debtor transferred to Defendants the amount of $57,500.04.

### FIRST CLAIM FOR RELIEF

**(To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. §§544(b) and 548(a)(1)(A), and Cal.Civ. Code §§3439.04(a)(1) and 3439.07)**

    13.    Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

    14.    Plaintiffs are informed and believe and thereon allege that the Transfers were made to Defendants with an actual intent to hinder, delay, or defraud the Debtor's creditors.

    15.    At all relevant times, the Transfers were avoidable pursuant to 11 U.S.C. §548(a)(1)(A) as to the Two Year Transfers and 11 U.S.C. §544(b) and Cal.Civ. Code §§3439.04 and 3439.07 as to the Four Year Transfers.

### SECOND CLAIM FOR RELIEF

**(To Avoid Constructively Fraudulent Transfers under 11 U.S.C. §§554(b) and 548(a)(1)(B), and Cal.Civ. Code §§3439.04(a)(2) and 3439.05)**

    16.    Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

17. Plaintiffs are informed and believe, and thereon assert, that at all relevant times, the Debtor (a) was insolvent, or became insolvent as a result of each Transfer; (b) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

18. Plaintiffs are informed and believe, and thereon assert, that Defendants did not give the Debtor, and the Debtor did not otherwise receive, reasonably equivalent value for any of the Transfers.

19. At all relevant times, the Transfers were avoidable pursuant to 11 U.S.C. §548(a)(1)(B) as to the Two Year Transfers and 11 U.S.C. §544(b) and Cal.Civ. Code §§3439.04(a)(2), 3439.05, and 3439.07 as to the Four Year Transfers.

### THIRD CLAIM FOR RELIEF

**(Recovery of Property – 11 U.S.C. §§544(b) and 550,**

**and Cal.Civ. Code §§3439.07(a)(1) and 3439.09)**

20. Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

21. Upon information and belief, Plaintiffs allege that Defendants are the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee.

22. Plaintiff is entitled to avoid the Two Year Transfers under §§544 and 548 of the Bankruptcy Code, and the Four Year Transfers under §544(b) of the Bankruptcy Code, and Cal.Civ. Code §§3439.04, 3439.05 and 3439.07. As the Defendants are the initial, immediate or mediate transferee of the Transfers, Plaintiff is entitled to recover for the estate the proceeds or value of the respective Transfers under 11 U.S.C. §550, and Cal.Civ. Code §§3439.07(a)(1) and 3439.08.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For a determination that each of the Two Year Transfers are avoidable as a fraudulent transfer pursuant to §548 of the Bankruptcy Code, and that Plaintiffs are entitled to recover each of the Two Year Transfers or the value thereof under §550 of the Bankruptcy Code.

2. For a determination that each of the Four Year Transfers is avoidable as a fraudulent transfer pursuant to 11 U.S.C. §544(b) and Cal.Civ. Code §§3439.04, 3439.05 and 3439.07, and that Plaintiffs are entitled to recover each of the Four Year Transfers or the value thereof under Cal.Civ. Code §§3439.07 and 3439.08;

3. For judgment in the amount of $57,500.04;

4. Prejudgment interest;

5. Costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

DATED: June 30, 2009

CLARK & TREVITHICK

By: /s/ Leslie R. Horowitz
Eric L. Dobberteen
Leslie R. Horowitz
Stephen E. Hyam
Attorneys for Certain Creditors

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CERTAIN CREDITORS, AS AUTHORIZED REPRESENTATIVES OF THE BANKRUPTCY ESTATE | **DEFENDANTS**<br>MICHAEL BAUMSTEIN AND ALICIA SULLIVAN |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leslie R. Horowitz, SBN 97630<br>CLARK & TREVITHICK<br>800 Wilshire Blvd., 12th Floor, Los Angeles, CA 90017<br>T: 213-629-5700   F: 213-624-9441 | **ATTORNEYS** (If Known)<br><br>RECEIVED<br>JUL - 1 2009<br>CLERK, U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ Deputy Clerk |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
*(To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. §§544(b) and 548(a)(1)(A), and Cal.Civ. Code §§3439.04(a)(1) and 3439.07) (To Avoid Constructively Fraudulent Transfers under 11 U.S.C. §§554(b) and 548(a)(1)(B), and Cal.Civ. Code §§3439.04(a)(2) and 3439.05) (Recovery of Property – 11 U.S.C. §§544(b) and 550, and Cal.Civ. Code §§3439.07(a)(1) and 3439.09)*

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 57,500.04 |
| Other Relief Sought | |

581230.1 (015486.001)

American LegalNet, Inc.
www.FormsWorkflow.com

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>UNIFIED WORLDWIDE TRANSPORT | BANKRUPTCY CASE NO.<br>1:07-BK-12273-KT | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>SAN FERNANDO VALLEY | NAME OF JUDGE<br>KATHLEEN THOMPSON |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| *[signature: Leslie R. Horowitz]* |

| DATE<br>June 30, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Leslie R. Horowitz |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com